IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARGONAUT-MIDWEST
INSURANCE COMPANY,

**Plaintiff/Counter Defendant,**

v.                                                                                          No. CIV 16-0540 JCH/LAM

MANUEL GALLEGOS, SR.,

      **Defendant/Counter Claimant/Third-Party Plaintiff,**

v.

WESTERN STATES
INSURANCE COMPANY,

      **Third-Party Defendant.**

# SCHEDULING ORDER

**THIS MATTER** came before the Court on a telephonic Rule 16 Initial Scheduling Conference held on March 22, 2017. Following a review of the parties' Joint Status Report and Provisional Discovery Plan, and after conferring with counsel, the Court adopts the Joint Status Report and Provisional Discovery Plan modified as follows:

    a)    Maximum of twenty-five (25) Interrogatories, including all discrete subparts, by each party to any other party (responses due <u>30</u> days after service);

    b)    Maximum of twenty-five (25) Requests for Admission by each party to any other party (responses due <u>30</u> days after service);

    c)    Maximum of seven (7) depositions by Plaintiff(s) and seven (7) depositions by each Defendant(s); and

  d)  Depositions of named parties and experts are limited to 7 hours, unless extended by agreement of the parties; depositions other than of named parties and experts are limited to 4 hours unless extended by agreement of the parties.

The following case management deadlines have been set:

a)  Deadline for Mr. Gallegos to amend pleadings or add additional parties on the Counter Claim and Third-Party Complaint, pursuant to Fed. R. Civ. P. 15, which may require opposing party's written consent or leave of Court:  **April 21, 2017**

b)  Deadline for Argonaut- Midwest and Western States to amend pleadings or add additional parties pursuant to Fed. R. Civ. P. 15, which may require opposing party's written consent or leave of Court:  **May 19, 2017**

c)  Argonaut-Midwest's Rule 26 (a)(2) expert disclosure[1] on the Declaratory Complaint:  **June 23, 2017**

d)  Mr. Gallegos' Rule 26 (a)(2) expert disclosure on the Declaratory Complaint, Counter Claim and Third-Party Complaint:  **July 24, 2017**

e)  Argonaut-Midwest's and Western States' Rule 26 (a)(2) expert disclosure on the Counter Claim and Third-party Complaint:  **August 25, 2017**

f)  Termination date for discovery:  **September 22, 2017**

g)  Motions relating to discovery to be filed by:  **October 13, 2017**

h)  Pretrial motions other than discovery motions (including motions which may require a Daubert hearing) filed by:  **November 3, 2017**

h)  Pretrial Order: Plaintiff(s) to Defendant(s) by:  **January 22, 2018**
   Defendant(s) to Court by:  **February 5, 2018**

Any extension of the case management deadlines must be approved by the Court. Any requests for additional discovery must be submitted to the Court by motion prior to the expiration of the discovery deadline. These deadlines shall be construed to require that discovery be

---

[1] All expert witnesses must be disclosed by this date, but only those who are retained or specifically employed to provide expert testimony must submit an expert report. *See* Fed. R. Civ. P. 26(a)(2)(B); *Musser v. Gentiva Health Servs.*, 356 F.3d 751 (7th Cir. 2004); *Farris v. Intel Corp.*, 493 F.Supp. 2d 1174 (D.N.M. 2007), and *Blodgett v. United States*, 2008 WL 1944011 (D. Utah). Expert witnesses not required to provide a written report must provide a summary disclosure under Rule 26(a)(2)(C) by this date. The parties must have their expert(s) ready to be deposed at the time they identify them and provide their reports.

<u>completed</u> on or before the above date.  Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline.  A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline.  The pendency of dispositive motions shall not stay discovery.  The deadline for motions relating to discovery (including, but not limited to, motions to compel and motions for protective order) shall not be construed to extend the twenty-one (21) day time limit in D.N.M. LR-Civ. 26.6.  *See* D.N.M. LR-Civ. 7 for motion practice requirements and timing of responses and replies.  If documents are attached as exhibits to motions, affidavits or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court must be highlighted in accordance with D.N.M. LR-Civ. 10.6.  Counsel are directed that the Pretrial Order will provide that no witnesses except rebuttal witnesses whose testimony cannot be anticipated, will be permitted to testify unless the name of the witness is furnished to the Court and opposing counsel no later than thirty (30) days prior to the time set for trial.  Any exceptions thereto must be upon order of the Court for good cause shown.

    **IT IS SO ORDERED**.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**